

FILED
SEP 18 2019
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **INDICTMENT** |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 1:19 CR 549 |
| v. ) | |
| ) | Title 21, United States Code |
| RONALD D. ROGINSKY ) | Sections 841(a)(1), (b)(1)(E), (h), |
| JOHN M. AMBROSE ) | 846, 952, 960 (a)(1), (b)(5), 963, |
| ERIC S. ANGLE, ) | Title 18, United States Code, |
| ) | Section 2 and 1956(h) |
| Defendants. ) | |

JUDGE GWIN

## BACKGROUND AND DEFINITIONS

1. The "clear" or "surface" web is part of the internet accessible to anyone with a standard browser and that standard web search engines can index. The deep web is the part of the internet whose contents are not indexed by standard web search engines. The dark net is a part of the deep web that not only cannot be discovered through a traditional search engine, but also has been intentionally hidden and is inaccessible through standard browsers and methods.

2. Dark net marketplaces operate on the dark net. These sites are generally only accessible through the input of specific addresses using a TOR browser. The dark net marketplaces function primarily as black markets, selling or brokering transactions involving drugs, cyber-arms, weapons, counterfeit currency, stolen credit card details, forged documents, unlicensed pharmaceuticals, steroids, and other illicit goods as well as the occasional sale of legal products. Dark net vendors (also known as distributors) operate on these dark net markets as sellers of these goods. They provide detailed information about their wares on these sites, including listings of their drugs for sale, contact information (such as TOR-based email or

encrypted messaging applications), and the prices and quantities of drugs for sale in digital currencies.

3. Digital currencies and tokens are electronically sourced units of value that exist on the internet and are not stored in a physical form. Cryptocurrencies, a form of digital currency, are not issued by any government, but instead are generated and controlled through computer software operating on decentralized peer-to-peer networks. Bitcoin is one example of a cryptocurrency. Users of cryptocurrencies send units of value to and from "addresses," which are unique strings of numbers and letters functioning like a public account number. Cryptocurrency transactions are recorded on a publicly available distributed ledger, often referred to as a "blockchain." Because cryptocurrencies are transferred peer-to-peer, users can avoid traditional, regulated financial institutions that collect information about their customers and maintain anti-money laundering and fraud programs.

## GENERAL ALLEGATIONS

4. Defendants RONALD D. ROGINSKY, JOHN M. AMBROSE, ERIC S. ANGLE were members of the "qu4ntum" Drug Trafficking Organization. The qu4ntum Drug Trafficking Organization maintained and controlled the qu4ntum dark net vendor account on AlphaBay, Dream Market, Wall Street, and other dark net marketplaces. The qu4ntum Drug Trafficking Organization also distributed anabolic steroids and other controlled substances via websites and forums operating on the clear web and via person-to-person transactions.

5. The Organization used the qu4ntum account as an online storefront for the sale of dangerous controlled substances, including anabolic steroids. The qu4ntum Drug Trafficking Organization trafficked narcotics from its base of operations to locations throughout the United States

6. Members within the "qu4ntum" Drug Trafficking Organization imported anabolic steroids and other controlled substances from China and elsewhere.

7. Sales of controlled substances were paid for using cryptocurrency and cash, which was sometimes shipped in the mail.

8. Defendants and other members of the conspiracy used various methods designed to protect the membership's anonymity and to provide security for the criminal organization from law enforcement and other criminal organizations. These methods included:

   a. Forum posting on anonymous clear web marketplaces;

   b. Live conversations using end-to-end encrypted voice calling platforms; and

   c. Private messaging including end-to-end encrypted messaging applications.

9. Defendants used the United States Postal Service, third party shipping companies and hand-to-hand transactions as the means of distributing the controlled substances. Defendants used various means to hide their identification as the shippers of drug parcels including opening Post Office Boxes under fictitious identities.

10. Defendants and other members of the conspiracy laundered the criminal proceeds through a variety of means, including maintaining and controlling digital currency (e.g., Bitcoin) addresses.

COUNT 1
(Conspiracy to Distribute Controlled Substances,
in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(E))

The Grand Jury charges:

11. The factual allegations in paragraphs 1 through 10 are re-alleged and incorporated by reference in this count, as though fully set forth herein

12. From on or about January 1, 2015, to on or about November 19, 2018, the exact

dates unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants RONALD D. ROGINSKY, JOHN M. AMBROSE, ERIC S. ANGLE, and others known and unknown to the Grand Jury, did knowingly, intentionally, and without authority combine, conspire, confederate and agree with each other and with diverse others to distribute anabolic steroids, Schedule III controlled substances, in violation of Title 21, United States Code, Section 841(a)(l), (b)(1)(E), and 846.

## COUNT 2
(Conspiracy to Import Controlled Substances, 21 U.S.C. § 963)

The Grand Jury charges:

13. The factual allegations in paragraphs 1 through 10 are re-alleged and incorporated by reference in this count, as though fully set forth herein

14. From on or about January 1, 2015, to on or about November 19, 2018, the exact dates unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants RONALD D. ROGINSKY, JOHN M. AMBROSE, ERIC S. ANGLE, and others known and unknown to the Grand Jury, did knowingly, and intentionally combine, conspire, confederate, and agree with each other to import into the United States from any place outside thereof, anabolic steroids, Schedule III controlled substances in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and (b)(5).

All in violation of Title 21, United States Code, Section 963.

## COUNT 3
(Distributing Controlled Substances by Means of the Internet, 21 U.S.C. § 841(h))

The Grand Jury further charges:

15. The factual allegations in paragraphs 1 through 10 are re-alleged and incorporated by reference in this count, as though fully set forth herein.

16. From on or about January 1, 2015, to on or about November 19, 2018, the exact dates unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants RONALD D. ROGINSKY, JOHN M. AMBROSE, ERIC S. ANGLE, and others known and unknown to the Grand Jury, did knowingly and intentionally deliver, distribute, and dispense a controlled substance by means of the internet: to wit, Defendants used dark net marketplace accounts, encrypted communication applications as well as websites and forums operating on the clear web to distribute mixtures and substances containing anabolic steroids, Schedule III controlled substances.

All in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(E), and (h).

## COUNT 4
(Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h))

The Grand Jury further charges:

1. From on or about January 1, 2015, to on or about November 19, 2018, the exact dates unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants RONALD D. ROGINSKY, JOHN M. AMBROSE, ERIC S. ANGLE, and others known and unknown to the Grand Jury, did knowingly, and intentionally conspire to commit money laundering, in violation of Title 18, Section 1956(a)(1).

2. It was a part and object of the conspiracy that Defendants RONALD D. ROGINSKY, JOHN M. AMBROSE, ERIC S. ANGLE, and others known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, and agree to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, to wit: conspiracy to distribute and possess with intent to distribute controlled substances, in violation of Title 21,

United States Code, Sections 841(a)(1) and 846, knowing that the transactions were designed in whole and in part to conceal and disguise the location, source, ownership and control of the proceeds of said specified unlawful activity, and while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

3. It was part and object of the conspiracy that the Defendants:

    a. Utilized digital currency (such as Bitcoin) to conceal and disguise the nature, location, source, ownership and control of the drug proceeds;

    b. Maintained and controlled digital currency addresses through which customers paid them in exchange for narcotics;

    c. Used digital currency exchanges to convert cryptocurrency drug trafficking proceeds into official fiat currency;

    d. Shipped cash in the mail as payment for controlled substances.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE

The Grand Jury further charges:

17. The allegations contained in Counts 1-4 of this Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853 (drug offense) and Title 18, United States Code, Section 982(a)(1) (money laundering offenses). As a result of these offenses, Defendants RONALD D. ROGINSKY, JOHN M. AMBROSE, and ERIC S. ANGLE shall forfeit to the United States any and all property constituting, or derived from, any proceeds

the defendants obtained, directly or indirectly, as the result of the drug offense; any and all of their property used - or intended to be used - in any manner or part, to commit or to facilitate the commission of the drug offense; and, all property, real and personal, involved in the money laundering offenses, and all property traceable to such property.

                              A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.